UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

IN RE:                              )    CHAPTER 13
                                    )
TANYA M. ROGERS                     )    Bankruptcy No. 20-00283
                                    )
                                    )    MOTION TO IMPOSE AUTOMATIC
                                    )    STAY AND REQUEST FOR EXPEDITED
                                    )    HEARING

        COMES NOW, Tanya M. Rogers, Debtor, through her undersigned counsel

and pursuant to 11 U.S.C. §362(b)(20), requests an order continuing the automatic

stay provided under 11 U.S.C. §362(a) as to all creditors. In support of this motion,

Ms. Rogers states as follows:

        This Court has jurisdiction over this matter pursuant to 11 U.S.C. §105(a),

28 U.S.C. §157(b)(1), and 28 U.S.C. §1334. This matter constitutes a core

proceeding as defined by 28 U.S.C. §157(b)(2).

        Ms. Rogers filed the current petition for relief under Chapter 13 on March 2,

2020. Ms. Rogers is eligible to be a debtor under 11 U.S.C. §109(g). In addition to

the instant case, Ms. Rogers (along with her spouse who is not a party to the

instant case) is in another pending Chapter 13 case, 19-00865. Within the last 180

days, Ms. Rogers has not had any bankruptcy cases which were dismissed by the

court for willful failure to abide by orders of the court, or which were voluntarily

dismissed following the filing of a relief from stay.

        In case 19-00865, creditor Central States Bank ("CSB") filed a motion for

relief from stay while in the midst of finalizing a settlement agreement with Ms.

Rogers which would have rendered the CSB's motion moot. Under the belief that a

settlement was imminent, Ms. Rogers did not file a timely resistance to CSB's

motion. After negotiations began to flounder, Ms. Rogers made an oral motion to

enlarge the time to file a resistance at her confirmation hearing on November 26, 2019. The Court did not rule on Ms. Rogers' motion to enlarge time. Instead, the Court asked the parties to continue negotiations. Subsequently, the parties reported to the Court that they were unable to reach a settlement. The Court, without issuing a ruling on Ms. Rogers' motion and without hearing Ms. Rogers' arguments resisting CSB's motion, issued an Order granting CSB's motion for relief from stay. Presumably, the Court entered this order on purely procedural grounds due to Debtor's failure to file a timely resistance and not on the merits as Ms. Rogers was not afforded the opportunity to argue the merits of her resistance.

Pursuant to 11 U.S.C. §362(b)(20), Ms. Rogers moves to impose a stay against CSB for good cause. Ms. Rogers was never afforded the opportunity to argue her reasons for resisting CSB's motion for relief in her earlier filed case. Ms. Rogers had good grounds to resist the motion for relief and now has good grounds to impose a stay. In case 19-00865, Ms. Rogers filed with the Court a modified plan which would have paid CSB's claim in full. In the instant case, Ms. Rogers also intends to file a plan which will pay CSB's claim in full. The Court has yet to hear arguments or rule on the plan filed in case 19-00865. Ms. Rogers believes given a chance to argue the merits of her case, the Court will confirm her proposed plan to pay CSB's claim in full.

Debtor filed the pending case in good faith. This motion is not made for the purposes of delay. Debtor intends to perform the terms of a confirmed plan in the pending case.

WHEREFORE, Debtor respectfully requests the Court impose a stay under 11 U.S.C. §362(a) as to all creditors for the duration of this Chapter 13 proceeding, or until such time as the stay is terminated under §362(c)(1) or (c)(2), or a motion

for relief from stay is granted under §362(d). Debtor requests an expedited hearing within 7 days of March 2, 2020.

_____/s/ Derek Hong_____
Derek Hong, AT0009118
Hong Law, P.L.C.
425 Second Street SE, Suite 950
Cedar Rapids, IA  52401
Business 319-294-5853
Facsimile 319-366-0647
E-mail:  certs@honglaw.com